**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action 04-623 |
| | § | |
| BRAD C. BENSON, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On this day came on to be heard Plaintiff's Motion for Summary Judgment.   For the reasons stated herein, the Court GRANTS the Plaintiff's Motion for Summary Judgment.

**I. Jurisdiction**

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345 because the United States is a party in the suit.

**II. Facts**

The above-captioned cause of action involves the alleged failure by Defendant Brad C. Benson ("Defendant") to make required student loan repayments.   The Government filed a Complaint in the instant case on December 1, 2004, detailing the outstanding amounts due but not paid by Defendant.   Specifically, the Government (1) outlined the debt owed by Defendant in the amount of $2,615.49, and (2) attached a Certificate of Indebtedness for the debt.

On January 21, 2005, Defendant filed his answer denying his indebtedness in this matter.   Specifically, Defendant claimed that the school in which he enrolled was "an illegal money-gathering

scam" which closed several months after he was wrongfully expelled. On June 23, 2005, the Government filed the instant Motion for Summary Judgment.   Defendant has not responded.[1]   The court now considers the Government's Motion for Summary Judgment.

## III. Discussion

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   FED. R. CIV. P. 56(c).   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Judwin Properties, Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).   The substantive law identifies which facts are material. Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).

The "party seeking summary judgment always bears the initial

---

[1]   Such failure to respond to a motion for summary judgment does not alone support the automatic granting of the motion. The moving party still must establish the absence of a genuine issue of material fact.   See, e.g., Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir.1988); John v. Louisiana, 757 F.2d 698, 709 (5th Cir. 1985); Jones v. Fountain, 121 F. Supp. 2d 571, 572 (E.D. Tex. 2000).   Nonetheless, the Court will generally assume that the movant's facts as claimed and supported by admissible evidence are uncontroverted and undisputed.   See, e.g., Ceasar v. Lamar Univ., 147 F. Supp. 2d 547, 551 (E.D. Tex. 2001); see also Eversley, 843 F.2d at 174.

responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996).  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, the movant must come forward with evidence that establishes "beyond peradventure all the essential elements of the claim or defense to warrant judgment in [its] favor."  Fontenot v. UpJohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  However, if the nonmovant bears the burden of proof, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).  Once the moving party has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial."  FED.R.CIV.P. 56(e); Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995)(When the movant has satisfied its initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").  Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element

-3-

essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 323.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing Munoz v. International Alliance of Theatrical Stage Employees, 563 F.2d 205, 207 n. 1 (5th Cir. 1977)). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh the evidence, or draw inferences for the movant. Anderson, 477 U.S. at 255. The court must draw all justifiable inferences from the summary judgment evidence in the light most favorable to the nonmovant. Id. at 255; Pasant v. Jackson Nat'l Life Ins. Co., 52 F.3d 94, 96 (5th Cir. 1995). Neither conclusory allegations nor unsubstantiated assertions will satisfy a nonmovant's burden. See Celotex Corp., 477 U.S. at 322-23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999)("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence" in a summary judgment motion); Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996); Little v. Liquid Air Corp., 37 F.3d 1069, 4075 (5th Cir. 1994)(en banc).

The Government has presented a <u>prima facie</u> case of Defendant's default on unpaid student loans by showing that Defendant signed the note; the Government is the present holder of the note; and the note is in default.  <u>See</u> <u>United States v. Lawrence</u>, 276 F.3d 193, 197 (5th Cir. 2001).  Specifically, the Government has provided copies of the loan documents and outlined the amounts currently owed.  These documents establish that Defendant executed promissory notes for federally-insured student loans on August 18, 1987. (Aff. of Amount Due, Ex. B.)  The Government states that it has demanded that Defendant pay the indebtedness, but Defendant has failed to do so.  (Compl. ¶ 4; Aff. on Attorney's Fees ¶ 3.)

The Government also includes a copy of the Certificate of Indebtedness issued by the United States Department of Education; the amounts due as set out in this Certificate corresponds to the amounts the Government claims Defendant owes but has not paid. (Compl. Ex. A; Aff. of Amount Due, Ex. A).  Finally, the Government has attached the affidavit of M.H. Cersonsky, an attorney in the law firm representing the Government, which provides support for the Government's request for attorney's fees.  (Aff. on Attorney's Fees.)

The burden then shifts to Defendant to "set forth specific facts showing there is a genuine issue for trial, not just to rest upon the mere allegations or denials of the adverse party's pleadings." <u>Lawrence</u>, 276 F.3d at 197.  Defendant has offered no evidence to rebut the claim that he owes money on his student

-5-

loans.  His only filing in this action, a carbon copy of a letter to the Government's attorney, does not constitute evidence. Moreover, even if the letter had been a properly sworn or certified affidavit, it would not be sufficient to defeat summary judgment. If Defendant was the victim of "an illegal money-gathering scam," then Congress provided a mechanism for him to seek relief through an administrative process with the Department of Education.  See 20 U.S.C. § 1087(c)(1).  Congress did not, however, provide that such a claim was a defense in a civil collection suit.  As the court stated in Green v. United States, 163 F. Supp. 2d 593 (W.D.N.C. 2000):

> Congress ... has not turned a blind eye to the growing problem with federally guaranteed loans made to students who end up at fly-by-night or insolvent schools offering post-secondary education.  Section 437(c) has been amended to provide for administrative discharge of loan amounts that should have been satisfied by refunds owed, but not paid, by schools attended by borrowers.  20 U.S.C. § 1087(c).  Claims for relief under § 437(c) must be presented through the administrative process and cannot be asserted as defensive claims in civil collection litigation such as this.

Id. at 597-98 (emphasis in original) (citing In re Bega, 180 B.R. 642 (D. Kan. 1995)).

In sum, the Government has provided ample documentary evidence to support its claim that Defendant owes the amounts as stated in the Government's Motion.  Defendant has provided no evidence to refute the Government's claim.  Accordingly, the Government has met its burden and is entitled to summary judgment in its favor.

-6-

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment.  It is adjudged that the United States of America recover from Defendant as to the Note dated August 18, 1987:

1.   The balance due as of August 13, 1997 of $1,883.87, plus

2.   Prejudgment interest from August 13, 1997 at 8.00% per annum, being $0.27 per day, plus

3.   Attorney's fees of $550.00 and all costs of court, plus

4.   Post-judgment interest at 3.84% per annum.

SIGNED and ENTERED this 11th day of August, 2005.

_____
Janis Graham Jack
United States District Judge

-7-